# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

**FRANKIE BROWN**  **PLAINTIFF**
**ADC #083131**

v.  No: 1:19-cv-00116 BSM-PSH

**KASHEENA WILSON,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Frankie Brown, an inmate at the Arkansas Department of Correction's Grimes Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that he was issued a false disciplinary in October 2019 (Doc. No. 2). Brown was instructed to file an amended complaint clarifying his claims and the defendants

who were responsible for the violation of his rights. *See* Doc. No. 5. Brown was also instructed to describe the conditions he endured while in punitive isolation and whether those conditions were harsh or different than his incarceration in the general population. *Id.* Brown subsequently filed an amended complaint. *See* Doc. No. 9. The Court has reviewed Brown's amended complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Liberally construing[1] Brown's complaint for screening purposes only, it appears that Brown seeks to bring due process and defamation claims based on an allegedly false disciplinary issued against him in October 2019.

### *Due Process Claims*

Brown's allegation that Kasheena Wilson issued a false disciplinary against him is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same). Further, Brown cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Brown was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison

---

[1] *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Brown states that he was confined to restrictive housing for 30 days as a result of his disciplinary conviction. Doc. No. 9 at 5. An inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). Because Brown describes no change in conditions that could constitute the deprivation of a liberty interest, he fails to state sufficient facts to support a due process claim based on an alleged false disciplinary.

Brown also complains that defendants failed to follow certain prison procedures in the disciplinary process. Doc. No. 9 at 5-7. However, prisoners do

4

not have a federally protected due process right to require prison officials to comply with internal rules or procedures. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Finally, Brown alleges he lost good time credits and seeks to have those restored along with the good time he could have earned if he had not received the disciplinary. Doc. No. 9 at 8. While a prisoner may have a liberty interest in keeping good time credits he has already earned, he can only pursue the restoration of those good time credits in a federal habeas action, after he has exhausted all of his available remedies in state court. 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley–El*, 288 F.3d at 1066–67. Similarly, a prisoner cannot obtain damages for the loss of any wrongfully taken good time credits until his allegedly improper disciplinary convictions are reversed by the highest state court or in a federal habeas action. *Id.* To the extent Brown seeks damages and restoration of good time credits for his allegedly wrongful disciplinary conviction, his claims fall within *Heck* and *Balisok* and should be dismissed for failure to state a claim upon which relief may be granted.

### *Defamation Claim*

To the extent Brown raises a defamation claim based on the publication of disciplinary convictions he received (*see* Doc. No. 9 at 5-6), he fails to state a constitutional claim. In *Paul v. Davis*, 424 U.S. 693 (1976), the United States

5

Supreme Court held that defamation by a state or local official does not by itself violate rights protected by the federal constitution. In addition, in *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986), the court stated that defamation is not actionable under section 1983, and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *See also Jones v. McNeese*, 746 F.3d 887, 898 (8th Cir. 2014).

For the reasons stated herein, it is recommended that:

1. Brown's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 24th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE